IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID J. WASSELL,                          )
                                           )
                Petitioner,                )
                                           )
        vs                                 )   No. 2:06-cv-1273
                                           )
COMMONWEALTH OF                            )
PENNSYLVANIA,                              )
                Respondent.                )

MEMORANDUM AND ORDER

On September 22, 2006, petitioner David J. Wassell, an inmate at the Fayette

County Prison, submitted a petition for a writ of habeas corpus in this Court which he designated

to be filed "In The Supreme Court of Pennsylvania".  See, Document No. 1.  In addition, the

petitioner failed to submit his habeas corpus petition on the appropriate Court forms, and he

neither paid the filing fee, nor moved for in forma pauperis status.

Thus, in a text-only Order dated September 26, 2006, the petitioner was informed

as follows:

> ORDER that if the petitioner seeks to file a habeas corpus petition
> in this Court he do so on the appropriate forms by October 10,
> 2006, as well as submit the appropriate filing fee and copies of
> the petition for service.  Failure to do so will be construed as
> consent to dismissing the above pending case.

As of this date, the petitioner has failed to respond to the Court's Order of September 26, 2006,

and it appears he has no serious interest in filing his habeas corpus petition in this Court.

It is clear that the punitive dismissal of an action for failure to comply with Court

Orders is left to the discretion of the Court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In

determining whether an action should be dismissed as a sanction against a party, the Court must

consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty

Company, 747 F.2d 863, 868 (3d Cir. 1984), are:

> (1)  The extent of the party's personal responsibility.
>
> (2)  The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3)  A history of dilatoriness.
>
> (4)  Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5)  The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6)  The meritoriousness of the claim or defense.

Consideration of these factors reveals that this action should be dismissed.

Factors 1, 3, and 4 are all related to the petitioner's failure to comply with this Court's Order, that

is, the extent of his personal responsibility, a history of dilatoriness, and whether his conduct was

willful or in bad faith.  Each of these factors weigh heavily against the petitioner.  With respect to

factor No. 1, it is clear that the petitioner's failure to comply with this Court's Order to file his

habeas corpus petition on the appropriate forms, pay the filing fee and submit copies of the

petition for service was totally his personal responsibility.  With respect to factors Nos. 3 and 4,

while the petitioner does not have a history of dilatoriness in this case, his failure to comply with

this Court's Order of September 26, 2006 appears to be willful.

In considering factor No. 2, the Court is to consider the prejudice caused to the

adversary by the petitioner's failure to comply with its Order.  With respect to this factor, there

appears to be no specific prejudice to the respondent other than general delay.  Therefore, this

factor will not be weighed against the petitioner.  Similarly, factor No. 6, the meritoriousness of

the claim, will be weighed neither in favor nor against the petitioner, although it appears he may

have mistakenly submitted his habeas corpus petition in this Court rather in the Supreme Court

of Pennsylvania.  Further "[n]ot all of these factors need be met for a district court to find

dismissal is warranted."  Hicks v. Feeney, 850 F.,2d 152,156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.

Since the petitioner may have inadvertently submitted his habeas corpus petition in the wrong

court, it does not appear that monetary sanctions are appropriate.  However, because he has failed

to comply with this Court's aforesaid Order of September 26, 2006, the petitioner appears to have

no serious interest in pursuing this case.

Therefore, dismissal is the most appropriate action for this Court to take, since no

other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir.

1982).

An appropriate Order will be entered.

Dated: October 13th, 2006

_____
Thomas M. Hardiman
United States District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID J. WASSELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs | ) | No. 2:06-cv-1273 |
| | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, | ) | |
| Respondent. | ) | |

O R D E R

AND NOW, this 13th day of October, 2006,

IT IS ORDERED THAT the petition of David J. Wassell for a writ of habeas

corpus is dismissed, and that a certificate of appealability is denied for failure to prosecute.

IT IS FURTHER ORDERED that pursuant to Rule 4(a)(1) of the F.R.App.P., if

the petitioner desires to appeal from this Order, he must do so within thirty (30) days by filing a

notice of appeal as provided by Rule 3 F.R.App.P.

Thos M. Hardiman
_____
Thomas M. Hardiman
United States District Judge